**LOWENSTEIN SANDLER LLP**
Bruce S. Nathan, Esq.
Bruce Buechler, Esq.
David M. Banker, Esq.
1251 Avenue of the Americas
New York, New York 10020
(212) 262-6700 (Telephone)
(212)  262-7402 (Facsimile)

– and –

65 Livingston Avenue
Roseland, NJ 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to Plaintiff Curtis R. Smith,*
*as the Liquidating Trustee of*
*the BGI Creditors' Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**BGI, INC., f/k/a Borders Group, Inc.,**<br><br>      **Debtor.** | **Chapter 11**<br><br>**Case No. 11-10614 (MG)**<br><br>**Substantively Consolidated** |
| **In re:**<br><br>**Curtis R. Smith, as the Liquidating Trustee of the BGI Creditors' Liquidating Trust,**<br><br>      **Plaintiff,**<br>**vs.**<br><br>**Jefferson Smurfit Corporation n/k/a Rock-Tenn Company,**<br><br>      **Defendant.** | **Adv. Pro. No.** |

**ADVERSARY COMPLAINT TO AVOID AND RECOVER
PREFERENTIAL TRANSFERS AND TO DISALLOW CLAIMS
PURSUANT TO 11 U.S.C. SECTIONS 547, 550 AND 502(d)**

Curtis R. Smith, as the Liquidating Trustee of the BGI Creditors' Liquidating Trust (the "Plaintiff" and/or the "Liquidating Trustee"), as successor to the Estates[1] of the debtors Borders Group, Inc., Borders International Services, Inc., Borders, Inc., Borders Direct, LLC, Borders Properties, Inc., Borders Online, Inc., Borders Online, LLC, and BGP (UK) Limited (collectively, the "Debtors" and/or "Borders"), by and through their undersigned counsel, as and for his complaint against Jefferson Smurfit Corporation n/k/a Rock-Tenn Company ("Defendant"), hereby alleges as follows:

**INTRODUCTION AND PARTIES**

1. On February 16, 2011 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York, Case No. 11-10614 (MG) *et seq*.

2. By an Order entered on February 16, 2011, the Debtors' chapter 11 cases were consolidated for procedural purposes and thereafter were jointly administered under Case No. 11-10614 (MG) pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. The Debtors and the Official Committee of Unsecured Creditors filed their *First Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* dated November 2, 2011 (the "First Amended Plan") [Docket No. 2110, Exhibit A].

---

[1] Any capitalized term not defined herein shall have the same meaning ascribed to it under the First Joint Amended Plan of Liquidation as defined in paragraph 3 hereof.

4. On December 21, 2011, the Bankruptcy Court entered an Order Confirming the First Amended Plan (the "Confirmation Order") [Docket No. 2384]. The First Amended Plan became effective on January 12, 2012 (the "Effective Date") [Docket No. 2465].

5. On the Effective Date, as contemplated by the First Amended Plan and Confirmation Order and pursuant to the BGI Creditors' Liquidating Trust Agreement (the "Trust Agreement"), the Trust was established and Curtis R. Smith was named as the sole Liquidating Trustee.

6. Pursuant to Article IX.C of the First Amended Plan, the Liquidating Trustee is authorized to pursue and enforce all rights to commence, pursue, prosecute or settle as appropriate, any and all Causes of Action on behalf of the Debtors' Estates. *See* Plan Art. IX.C.

7. Upon information and belief, the Defendant is a corporation who transacted business in the United States with Borders, Inc. and who received one or more transfers from Borders, Inc.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

9. This action is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

10. Venue of this action is proper in this District pursuant to 28 U.S.C. §1409(a).

11. The Plaintiff agrees to the entry of a final order or judgment in this adversary proceeding.

12. The statutory basis for the relief requested in this complaint is 11 U.S.C. §§ 547, 550 and 502(d) and Rules 3007, 7001 and 7008 of the Bankruptcy Rules.

### GENERAL ALLEGATIONS

13. On or within 90 days before the Petition Date, Borders, Inc. made one or more transfers of an interest (cash, credit card payment, funds via check, wire transfer or ACH payment, or other transfer) in Borders, Inc.'s property totaling not less than $1,041,126.70, as set forth on Exhibit A attached hereto, consisting of payment(s) to or for the benefit of Defendant, on the dates and in the amounts set forth on *Exhibit A*.

14. Exhibit A reflects Plaintiff's current knowledge of the transfers made to the Defendant on or within 90 days before the Petition Date. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant on or within 90 days before the Petition Date. Plaintiff's intention is to avoid and recover all such transfers, whether or not such are transfers presently reflected in Exhibit A. Collectively, all transfers made by Borders, Inc. of an interest of Borders, Inc.'s property to or for the benefit of Defendant on or within 90 days before the Petition Date (whether such transfers presently are reflected in Exhibit A or not) are referred to herein as the "Transfers."

### COUNT I

(Avoidance of Preferential Transfers – 11 U.S.C. § 547)

15. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 14 as if fully set forth herein.

16. All of the Transfer(s) was/were transfers of property, or an interest in property, of Borders, Inc.

17. At all relevant times, Defendant was a creditor of Borders, Inc. as defined by 11 U.S.C. §101.

18. The Transfer(s) was/were made by Borders, Inc. to or for the benefit of Defendant.

19. The Transfer(s) was/were made on or within 90 days before the Petition Date.

20. The Transfer(s) was/were made for or on account of an antecedent debt owed by Borders, Inc. to Defendant before the Transfer(s) was/were made.

21. The Transfer(s) was/were made while Borders, Inc. was insolvent.

22. The Transfer(s) enabled the Defendant to receive more than Defendant would have received if: (a) the Transfer(s) had not been made; (b) Borders, Inc.'s chapter 11 case was a case under chapter 7; and (c) the Defendant had received payments of its debt to the extent provided by the provisions of the Bankruptcy Code.

23. Each of the Transfer(s) constitute an avoidable preference within the meaning of 11 U.S.C. § 547.

## COUNT II

(Recovery of Property -- 11 U.S.C. § 550)

24. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff is entitled to avoid the Transfer(s) described above pursuant to 11 U.S.C. § 547.

26. Defendant was the initial transferee of the Transfer(s), the intermediate or mediate transferee of the Transfer(s), or the person for whose benefit the Transfer(s) was/were made.

27. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant an amount, to be determined at trial, that is not less than the sum of the Transfer(s), plus interest and the costs of this action.

## COUNT III

(Disallowance of Claims -- 11 U.S.C. § 502(d))

28. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 27 as if fully set forth herein.

29. Defendant is the transferee of the Transfer(s) by Borders, Inc. avoidable under 11 U.S.C. § 547, which are recoverable from the Defendant under 11 U.S.C. § 550. Pursuant to 11 U.S.C. § 502(d), in the event that Defendant is liable for any avoidable Transfer(s) under 11 U.S.C. § 547, any claim(s) of Defendant against the Debtors (regardless of whether or not the claim(s) were assigned) must be disallowed unless Defendant pays the amount of the Transfer(s).

30. Pursuant to 11 U.S.C. § 502(d), any claim(s) of Defendant against the Debtors and/or their Estates (regardless of whether or not the claim(s) were assigned) must be disallowed.

## COUNT IV

(Attorneys' Fees -- Fed. R. Bankr. P. 7008(b))

31. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 30 as if fully set forth herein.

32. By reason of the foregoing and pursuant to Fed. R. Bankr. P. 7008, Plaintiff is entitled to recover its reasonable attorneys' fees and costs of collection incurred in the prosecution of this adversary proceeding.

## COUNT V

(Prejudgment Interest)

33. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 32 as if fully set forth herein.

34. As a result of the Defendant's failure to pay the Plaintiff the Transfer(s), Plaintiff is entitled to recover prejudgment interest at the maximum amount permitted by law from the date of the Transfer(s) until the collection of judgment in this adversary proceeding.

**WHEREFORE**, Plaintiff requests the entry of a judgment against Defendant as follows:

(a) Avoiding the aforementioned Transfer(s) as a preference under 11 U.S.C. § 547;

(b) Granting judgment in favor of Plaintiff pursuant to 11 U.S.C. § 550 in the amount of not less than $1,041,126.70, plus such other and further amounts as may be proven at trial;

(c) Awarding Plaintiff pre-judgment interest and costs;

(d) For disallowance pursuant to 11 U.S.C. § 502(d) of any claim(s) of Defendant against the Debtors (regardless of whether or not the claim(s) were assigned), unless the amount of any judgment for avoidance of Transfer(s) is paid in full to the Plaintiff;

(e) Awarding Plaintiff reasonable attorneys' fees and costs of collection; and

(f) Granting Plaintiff such other and further relief as the Court deems just and equitable.

| | |
|---|---|
| Dated: January 31, 2013 | **LOWENSTEIN SANDLER LLP** |
| | By: /s/ *David M. Banker* |
| | Bruce Buechler, Esq. |
| | Bruce S. Nathan, Esq. |
| | David M. Banker, Esq. |
| | 1251 Avenue of the Americas |
| | New York, New York 10020 |
| | Tel: (212) 262-6700 |
| | Fax: (212) 262-7402 |
| | |
| | – and – |
| | |
| | 65 Livingston Avenue |
| | Roseland, NJ 07068 |
| | Tel: (973) 597-2500 |
| | Fax: (973) 597-2400 |
| | |
| | *Counsel to Plaintiff Curtis R. Smith,* |
| | *as the Liquidating Trustee of the BGI* |
| | *Creditors' Liquidating Trust* |

**Exhibit "A"**

| No. | Payment Number | Payment Type | Payment Clear Date | Payment Amount |
|---|---|---|---|---|
| 1 | 12480 | ACH | 12/02/10 | 196,815.37 |
| 2 | 12729 | ACH | 12/16/10 | 215,465.90 |
| 3 | 13031 | ACH | 01/04/11 | 148,401.23 |
| 4 | 13321 | ACH | 01/18/11 | 329,994.00 |
| 5 | 13502 | ACH | 01/31/11 | 80,534.53 |
| 6 | 13606 | ACH | 02/02/11 | 43,588.63 |
| 7 | 13775 | ACH | 02/12/11 | 26,327.04 |
| | | | Total: $ | 1,041,126.70 |