**EDWARDS WILDMAN PALMER LLP**
Paul J. Labov
Dana G. Hefter
750 Lexington Avenue, 8th Floor
New York, New York 10022
Ph: (212) 308-4411
Fax: (212) 308-4844

-and-

**THOMPSON, O'BRIEN, KEMP & NASUTI, P.C.**
Ted W. Hight III
Georgia State Bar No. 352798
40 Technology Parkway South, Suite 300
Norcross, Georgia 30092
(770) 925-0111 – Telephone
thight@tokn.com

*Attorneys for Rock-Tenn Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 11-10614 (MG) |
| BGI, INC., f/k/a Borders Group, Inc., | Chapter 11 |
| Debtor. | Substantively Consolidated |
| In re: | |
| Curtis R. Smith, as the Liquidating Trustee of the BGI Creditors' Liquidating Trust, | Adv. Proc. No. 13-01146 (MG) |
| Plaintiff, | |
| v. | |
| Jefferson Smurfit Corporation n/k/a, Rock-Tenn Company, | |
| Defendant. | |

AM 19998429.1

**DEFENDANT ROCK-TENN COMPANY'S**
**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW the Defendant, ROCK-TENN COMPANY ("Defendant"), and by and through its counsel of record, files this its Answer and Defenses to Plaintiff's Complaint to Avoid and Recover Preferential Transfers and to Disallow Claims Pursuant to 11 U.S.C. Sections 547, 550 and 502(b) showing the Court the following:

**INTRODUCTION AND PARTIES**

1.

Defendant admits the allegations set forth within paragraph 1 of Plaintiff's Complaint.

2.

Defendant admits the allegations set forth within paragraph 2 of Plaintiff's Complaint.

3.

Defendant admits the allegations set forth within paragraph 3 of Plaintiff's Complaint.

4.

Defendant admits the allegations set forth within paragraph 4 of Plaintiff's Complaint.

5.

Defendant admits the allegations set forth within paragraph 5 of Plaintiff's Complaint.

6.

Defendant admits the allegations set forth within paragraph 6 of Plaintiff's Complaint.

7.

Defendant admits that it is a corporation that transacted business within the United States of America with Borders, Inc.

## JURISDICTION AND VENUE

8.

Defendant admits the allegations set forth within paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies the allegations set forth within paragraph 9 of Plaintiff's Complaint.

10.

Defendant admits the allegations set forth within paragraph 10 of Plaintiff's Complaint.

11.

Defendant lacks sufficient information to admit or deny the allegations contained within paragraph 11 of Plaintiff's Complaint and therefore denies them.

12.

Defendant admits the allegations set forth within paragraph 12 of Plaintiff's Complaint.

## GENERAL ALLEGATIONS

13.

Defendant admits that it received one or more transfers from Borders, Inc. within the 90 days before the Petition Date. Defendant denies the remaining allegations set forth within paragraph 13 of Plaintiff's Complaint.

14.

Defendant lacks sufficient information to admit or deny the allegations contained within paragraph 14 of Plaintiff's Complaint and therefore denies them.

## COUNT I

(Avoidance of Preferential Transfers – 11 U.S.C. § 547)

15.

Defendant incorporates each and every Response to paragraphs 1 through 14 of Plaintiff's Complaint as if fully set forth herein.

16.

Defendant denies the allegations set forth within paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations set forth within paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations set forth within paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations set forth within paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations set forth within paragraph 20 of Plaintiff's Complaint.

21.

Defendant lacks sufficient information to admit or deny the allegations contained within paragraph 21 of Plaintiff's Complaint and therefore denies them.

22.

Defendant denies the allegations set forth within paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations set forth within paragraph 23 of Plaintiff's Complaint.

## **COUNT II**

(Recovery of Property – 11 U.S.C. § 550)

24.

Defendant incorporates each and every Response to paragraphs 1 through 23 of Plaintiff's Complaint as if fully set forth herein.

25.

Defendant denies the allegations set forth within paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the allegations set forth within paragraph 26 of Plaintiff's Complaint.

27.

Defendant denies the allegations set forth within paragraph 27 of Plaintiff's Complaint.

## COUNT III

(Disallowance of Claims – 11 U.S.C. § 502(d))

28.

Defendant incorporates each and every Response to paragraphs 1 through 27 of Plaintiff's Complaint as if fully set forth herein.

29.

Defendant denies the allegations set forth within paragraph 29 of Plaintiff's Complaint.

30.

Defendant denies the allegations set forth within paragraph 30 of Plaintiff's Complaint.

## COUNT IV

(Attorneys' Fees – Fed. R. Bankr. P. 7008(b))

31.

Defendant incorporates each and every Response to paragraphs 1 through 30 of Plaintiff's Complaint as if fully set forth herein.

32.

Defendant denies the allegations set forth within paragraph 32 of Plaintiff's Complaint.

## COUNT V

(Prejudgment Interest)

33.

Defendant incorporates each and every Response to paragraphs 1 through 32 of Plaintiff's Complaint as if fully set forth herein.

34.

Defendant denies the allegations set forth within paragraph 34 of Plaintiff's Complaint.

35.

Defendant denies every claim, allegation, and averment set forth in Plaintiff's Complaint not heretofore responded to or specifically admitted.

36.

Defendant denies that Plaintiff is entitled to the relief sought in Plaintiff's Complaint.

37.

Defendant denies that Plaintiff is entitled to the damages prayed for in Plaintiff's prayer for relief.

## FIRST AFFIRMATIVE DEFENSE

Not all payments made by Debtors were on account of an antecedent debt.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Defendant received any transfers from the Debtors within ninety (90) days of the bankruptcy petition, such transfers were intended by the Debtors and Defendant to be contemporaneous exchanges for new value given to the Debtor, and in fact were substantially contemporaneous exchanges, and are not subject to avoidance pursuant to 11 U.S.C. § 547(c)(1).

### THIRD AFFIRMATIVE DEFENSE

To the extent that Defendant received such transfers within ninety (90) days of the bankruptcy petition, such transfers were in payment of debts incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and Defendant, such transfers were made in the ordinary course of business or financial affairs of the Debtors and Defendant, and such transfers were made according to ordinary business terms. Therefore, the transfers are not subject to avoidance pursuant to 11 U.S.C. § 547(c)(2).

### FOURTH AFFIRMATIVE DEFENSE

Defendant provided new value to the Debtors after the alleged transfers were made to Defendant. The new value provided to the Debtors was not secured by an otherwise avoidable security interest, and on account of which new value, the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Defendant. The new value given by Defendant to the Debtors should be set off against any transfer made by the Debtors to Defendant within ninety (90) days of the bankruptcy petition.

### FIFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses which may arise during the course of this litigation.

WHEREFORE, Defendant prays as follows:

    a)      that Plaintiff's Complaint be dismissed in its entirety with prejudice;

    b)      that judgment be entered in favor of Defendant on Plaintiff's Complaint;

    c)      that all costs be taxed against the Plaintiff; and

    d)      for such other and further relief as this Court deems just and proper.

Dated: May 8, 2013

Respectfully submitted,

**ROCK-TENN COMPANY**

By:   */s/ Paul J. Labov*

Paul J. Labov
Dana G. Hefter
EDWARDS WILDMAN PALMER LLP
750 Lexington Avenue, 8th Floor
New York, New York 10022
Ph: (212) 308-4411
Fax: (212) 308-4844

-and-

Ted W. Hight III
Georgia State Bar No. 352798
THOMPSON, O'BRIEN, KEMP & NASUTI, P.C.
40 Technology Parkway South, Suite 300
Norcross, Georgia 30092
(770) 925-0111 – Telephone
thight@tokn.com

*Attorneys for Rock-Tenn Company*

## CERTIFICATE OF SERVICE

I hereby certify, that on May 8, 2013, I caused a copy of the within *Answer and Affirmative Defenses of Rock-Tenn Company to Complaint to Avoid and Recover Preferential Transfers and to Disallow Claims Pursuant to 11 U.S.C. Sections 547, 550, and 502(d)* to be served upon the counsel for the Plaintiff.

Dated: May 8, 2013

                                              */s/ Paul J. Labov*
                                              Paul J. Labov